UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:17-CV-_____

GUNNAR NITZKORSKI,
in his individual capacity and
on behalf of others similarly situated,

**Plaintiffs,**

v.

COLUMBINE EMERGENCY MEDICAL SERVICES INC.,
   d/b/a Columbine Ambulance Service,
COLUMBINE OXYGEN SERVICE, INC.
   d/b/a Columbine Oxygen and Medical, and
VINCENT ("VINCE") CISSELL, an individual,

**Defendants.**

## COMPLAINT

### INTRODUCTION

1. Plaintiff Gunnar Nitzkorski ("Plaintiff") worked for Columbine Ambulance Service for about a decade as a paramedic and ambulance driver. Defendants paid him and others similarly situated a set amount per shift, but neglected to pay them overtime premium pay for all hours over 40 worked in the workweek.

2. To challenge these and other wage violations, Plaintiff brings this class and collective action on behalf of himself and others similarly situated, by and through his attorneys, against Defendants Columbine Emergency Medical Services Inc., d/b/a Columbine Ambulance Service, and Vincent ("Vince") Cissell, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq*. of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' facility located at 5860 S Greenwood St, Littleton, CO 80120.

## PARTIES

**Columbine Defendants**

6. Defendant **Columbine Emergency Medical Services Inc.** d/b/a "Columbine Ambulance Service" (hereinafter "Columbine Ambulance") is a corporation doing business within Arapahoe County. Its registered agent is listed with the Colorado Department of State as Vincent Cissell with a mailing address of 5860 S Greenwood St, Littleton, CO 80120.

7. The principal place of business of Columbine Ambulance is located at the corner of West Church Street and South Prince Street in Littleton, Colorado. The addresses associated with this property are 2453 W Church St, Littleton, CO 80120 and 5893 South Prince Street, Littleton, CO 80120, the latter being the principal office street address listed with the Colorado Secretary of State.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 2

8. At all times material to this action, Defendant Columbine Ambulance was subject to the FLSA and was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

9. Defendant **Columbine Oxygen Service, Inc.** d/b/a "Columbine Oxygen and Medical" (hereinafter "Columbine Oxygen") is a corporation doing business within Arapahoe County. Its registered agent is listed with the Colorado Department of State as Vincent Cissell with a mailing address of 5860 S Greenwood St, Littleton, CO 80120.

10. Columbine Oxygen is co-located with Columbine Ambulance at the corner of West Church Street and South Prince Street in Littleton, Colorado. The addresses associated with this property are 2453 W Church St, Littleton, CO 80120 and 5893 South Prince Street, Littleton, CO 80120, the former being the principal office street address listed with the Colorado Secretary of State.

11. At all relevant times, the business activities of the corporate Defendants (hereinafter collectively "Columbine") were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r). For example, they have common ownership, common management, the same principal place of business, engage in related activities, and utilize common resources.

12. At all relevant times, Defendant Columbine had annual gross revenues in excess of $500,000. Upon information and belief, Defendants employ approximately 300 people. Thus, even if each person were paid a mere $10,000 apiece per year the company would have to have made in excess of $3,000,000 per year just to break even. Upon information and belief, the gross revenues are significantly in excess of that amount.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 3

13. At all relevant times, Defendant Columbine was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. Defendants' emergency personnel respond to accidents on city streets, state highways, and interstate highway system. Further, upon information and belief Defendant Columbine purchases vehicles, supplies, equipment and other necessary items to run its ambulance and medical supply businesses from out of state vendors selling such supplies, and equipment originating outside the state of Colorado.

**Defendant Vincent ("Vince") Cissell**

15. Defendant Vincent ("Vince") Cissell, an individual, resides at 5860 S Greenwood St, Littleton, CO 80120, Arapahoe County, upon information and belief.

16. Defendant Cissell has an ownership interest in and/or is a shareholder of Columbine Ambulance and Columbine Oxygen.

17. Defendant Cissell actively participates in the business of the corporations on a daily or near-daily basis.

18. At times material to this action, Defendant Cissell exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. Further, he regularly exercised this authority and was the day-to-day "boss" of the operations.

19. At all times material to this action, Defendant Cissell was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 4

Case No. 1:17-cv-01158-DDD-SKC Document 39-2 filed 06/22/18 USDC Colorado
Case 1:17-cv-01158 Document 1 Filed 05/10/17 USDC Colorado Page 5 of 14
pg 5 of 14

**Plaintiff Gunnar Nitzkorski**

20. Plaintiff Gunnar Nitzkorski is a resident of Littleton, Colorado, which is in Arapahoe County.

21. Plaintiff Nitzkorski worked for Defendants as a paramedic from approximately March 15, 2007 to February 28, 2017.

22. At all times material to this action, Plaintiff Nitzkorski was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

23. While working in this capacity, Plaintiff Nitzkorski, like others similarly situated, recorded his time worked on handwritten time sheets, as required by Defendants. Upon information and belief, Defendants are or should be in possession of all employees' time records, including Plaintiff's.

24. While in this position, Plaintiff Nitzkorski's pay was based on a shift rate, i.e. a flat amount per shift worked.

25. Plaintiff Nitzkorski's most recent rate of pay was $363.00 per shift.

26. When he first started working for Columbine as a paramedic, his rate of pay was $285 per shift, and that rate gradually increased over the years he worked there.

27. Like others similarly situated, Plaintiff Nitzkorski's shifts were 24 hours each.

28. For each 24-hour shift, he was always on duty and had to be ready to respond to calls immediately.

29. Nitzkorski estimates that generally he worked 10-12 shifts per month, for an average of 2-3 shifts per week or approximately 48-72 hours per week. Plaintiff Nitzkorski generally did not get a meal break of 30 minutes or more fully relieved of all duties.

30. Plaintiff Nitzkorski was not paid at a rate of one and one half times his normal hourly rate

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 5

for all hours over 40 worked in a workweek.

**FLSA Collective Plaintiffs**

31. Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all of the Defendants' employees paid on a shift rate basis employed by Defendants on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

32. All of the Defendants' employees paid on a shift rate basis (including but not necessarily limited to paramedics and EMTs) are provided with no overtime premium pay for all hours over 40 worked in the workweek and on some occasions at an effective hourly rate less than the applicable minimum wage rate. They have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

33. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties and have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

34. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail and email.

**Rule 23 Class**

35. The Named Plaintiffs bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all of the Defendants' employees paid on a shift rate basis employed by Defendants either on or after the date three years before the filing of the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 6

instant Complaint (the "Colorado Class Plaintiffs").

36. The number of, and identities of, the individuals comprising the Colorado Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Colorado Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

37. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed Colorado Class.

38. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

39. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed Colorado Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendants as alleged herein. There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendants benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

40. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 7

hour employment litigation in particular.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

42. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendants for those who were improperly paid but for whom no damages are assessed.

43. Further, many current and even former employees may fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the Colorado requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

44. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

    a. Whether those paid on a shift rate basis have been unlawfully denied overtime

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 8

premium pay;

b. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

c. Whether Defendants' conduct was willful;

d. Whether Defendants maintained true and accurate time and payroll records; and

e. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

45. Plaintiff and others similarly situated reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

46. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Willful & Not Based On Good Faith & Entitlement to Damages*

47. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

48. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wages and overtime. In paying Plaintiff and others similarly situated in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

49. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

50. As a result of the violations by Defendants of the FLSA, the Plaintiff and others similarly

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 9

situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

51. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

52. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

    b. Defendants employed the Plaintiff in a business or enterprise engaged in providing medical, dental, surgical or other health services including but not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(D)

53. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 10

### Failure to Pay Weekly Overtime Premiums
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

54. Plaintiff and others similarly situated work more than 40 hours at least some workweeks.

55. Defendants do not pay the Plaintiff and others similarly situated overtime premiums for all hours worked over 40 in each workweek.

56. As a result, Plaintiff and others similarly situated have suffered lost wages and lost use of those wages in an amount to be determined at trial.

57. Plaintiff and others similarly situated are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

58. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff and others similarly situated overtime premiums for all hours worked over 40 in each given workweek. 7 C.C.R. §1103-1(4).

59. For any and all time worked by all Plaintiff and others similarly situated, they are entitled to pay at their computed regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek.

### Failure to Pay Wages When Due
**(Violation of the C.R.S. § 8-6-103)**

60. The Defendants failed to pay Plaintiff and others similarly situated all their earned wages when due as described above, which is also in violation of C.R.S. § 8-6-103.

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

61. Plaintiff has been separated from employment with Defendants.

62. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 11

63. For Plaintiff and all other similarly situated individuals whose employment with Defendants has ended, the Defendants owe all unpaid or underpaid wages during the entirety of their employment.

### *Willful Failure to Respond to Wage Demand*
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

64. Plaintiff provided Defendants with a wage demand letter pursuant to C.R.S. § 8-4-109.

65. In that Colorado Wage Demand letter, Plaintiff demanded $70,815.54 in unpaid wages on behalf of himself, plus amounts to be computed according to the same formulas for others similarly situated.

66. Once 14 days have passed after Defendants received Plaintiff's wage demand letter and no wages have been tendered, they are liable for additional penalties pursuant to § 109 in an amount equal to 125% of the first $7500 demanded plus 50% of the amount over $7500.

67. Further, to the extent Defendants' failure to pay is found to be willful, the penalty shall increase by an additional 50%.

### *Improper Deductions*
**(Violation of the C.R.S. § 8-4-105)**

68. The Defendants made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

69. Defendants did not pay Plaintiff and others similarly situated for all of their time worked under Colorado law because they did not provide Plaintiff and others similarly situated with 30 minute duty-free paid meal breaks for each five hours of work they performed. Wage Order 7 C.C.R. 1103-1(7).

70. Defendants did not pay Plaintiff and others similarly situated for all of their time worked

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 12

Case 1:17-cv-01158-Document 1   Filed 05/10/17   USDC Colorado   Page 13 of 14

under Colorado law because they did not provide Plaintiff and others similarly situated with 10 minute duty-free paid rest breaks for each four hours of work they performed. Wage Order 7 C.C.R. 1103-1(8).

*Damages*

71. Plaintiff and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and others similarly situated respectfully requests that this Court grant the following relief:

(A)     Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B)     Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C)     Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(D)     Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E)     Award Plaintiff and others similarly situated statutory damages as provided for by Colorado law; and

(F)     Award Plaintiff and others similarly situated interest; and

(G)     Award Plaintiff a service award for his role as "Named Plaintiff"; and

(H)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(I)     Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 13

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **10th** day of **May, 2017.**

ANDERSONDODSON, P.C.

s/ *Penn Dodson*

**Penn A. Dodson**
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
(646) 998-8051 fax
*penn@andersondodson.com*

Attorneys for Plaintiff

ANDERSONDODSON, P.C.

s/ *Alexander Gastman*

**Alexander L. Gastman**
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
(646) 998-8051 fax
*alex@andersondodson.com*

Attorneys for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Nitzkorski v. Columbine Ambulance Service*
USDC, District of Colorado

Complaint
Page 14