## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Case No. 17-cv-001158-RM-SKC

GUNNAR NITZKORSKI, *in his individual capacity and on behalf of others similarly situated*,

    Plaintiff,

v.

COLUMBINE EMERGENCY MEDICAL SERVICES INC.,
COLUMBINE OXYGEN SERVICE, INC.,
VINCENT CISSELL,

    Defendants.

_____

### ORDER
_____

This matter comes before the Court, not with a motion, but an improperly placed statement in plaintiff Gunnar Nitzkorski's ("plaintiff") response to defendants', Columbine Emergency Medical Services, Inc., Columbine Oxygen Service, Inc. ("Columbine Oxygen"), and Vincent Cissell (collectively, "defendants"), motion for summary judgment. Specifically, in his response, plaintiff stated that he would voluntarily dismiss Columbine Oxygen from this case "for the sake of expedience," and that he had submitted a proposed notice of dismissal as an exhibit to the response. (ECF No. 52 at 14; *see also* ECF No. 52-5.) Of course, pursuant to the procedural rule under which plaintiff relied for dismissal of Columbine Oxygen—Fed.R.Civ.P. 41(a)(2) ("Rule 41(a)(2)")—plaintiff cannot file a notice of dismissal, as he must instead "request" such a dismissal.[1] Subsequently, defendants filed an "objection" to plaintiff's attempt to dismiss Columbine Oxygen

---

[1] As such, plaintiff violated the Local Rules by including in his response a matter that should have been raised via motion. *See* D.C.Colo. L.Civ.R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

(ECF No. 55), plaintiff has filed a response to that objection (ECF No. 58), and defendants have filed

a reply (ECF No. 59).  In other words, there has been plenty of paper filing for something that should

never have happened in the way it did.

In any event, to avoid further unnecessary filings, the Court will construe collectively the

statement in plaintiff's response to defendants' motion for summary judgment and plaintiff's

response to the objection, as a motion for voluntarily dismissal without prejudice of Columbine

Oxygen pursuant to Rule 41(a)(2).

Turning to that matter, Rule 41(a)(2) provides that, after the filing of a motion for summary

judgment by the opposing party (something which has occurred here), "an action may be dismissed

at the plaintiff's request only by court order, on terms that the court considers proper."  "The rule is

designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit

the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005)

(quotation omitted).  Absent legal prejudice to the opposing party, though, "the district court

normally should grant such a dismissal." *Id*. (quotation omitted).  Legal prejudice may include "the

opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on

the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of

litigation." *Id*. at 1124 (quotation omitted).

Based upon the Court's review of the parties' filings, there are three alternatives for resolving

plaintiff's request.  One, the Court could grant plaintiff's request to dismiss Columbine Oxygen

without prejudice, but with conditions.  Two, the Court could deny plaintiff's request, but allow him

to re-file his response to the motion for summary judgment so that he could amend his arguments

viz a viz Columbine Oxygen (i.e., change from seeking to dismiss Columbine Oxygen to arguing that

Columbine Oxygen should remain in this case).  Three, the Court could deny plaintiff's request and require him to stand on his originally submitted response to the motion for summary judgment.

In exercising its broad discretion under Rule 41(a)(2), the Court believes that the first option is the most "proper" approach.  First, the Court does not believe that Rule 41(a)(2) is meant to be used as a strategic device to move from one position to another, which, although it may not have been plaintiff's original intent, is what has now happened.  Second, the Court does not believe that re-starting the briefing process with respect to one of the two motions for summary judgment that are currently pending is a proper approach, at least not when, as here, the original briefing process is complete.  Third, the Court does not believe it is proper to require plaintiff to stand on his response to the motion for summary judgment, while not also providing him with the dismissal without prejudice he seeks.

Finally, the Court believes that providing plaintiff with the relief he seeks, but on the conditions set forth below, is the most proper course.  Namely, it is the course that best places the parties in a position of relative equipoise.  In addition, the Court believes that, to the extent there may be any legal prejudice to Columbine Oxygen, any such prejudice is ameliorated by the conditions set forth below.[2]

As a result, the Court ORDERS as follows:

---

[2] To be clear, the Court does not believe there has been any meaningful preparation for trial in this case.  The Court also does not believe that plaintiff's request was excessively delayed.  In addition, plaintiff has provided an adequate explanation for seeking dismissal.  As for the present stage of litigation, although this matter has reached summary judgment, to the extent this factor weighs against plaintiff's request, the Court believes the conditions set forth below ameliorate any legal prejudice.  No other factors have been presented to the Court.

Pursuant to Rule 41(a)(2), defendant Columbine Oxygen Service, Inc. is hereby DISMISSED WITHOUT PREJUDICE from this action, and all claims raised against defendant Columbine Oxygen Service, Inc. are hereby DISMISSED WITHOUT PREJUDICE on the following conditions: (1) should the claims raised in this case against Columbine Oxygen be re-filed in a new case, plaintiff shall provide Columbine Oxygen all discovery he has produced in this case; (2) should the claims raised in this case against Columbine Oxygen be re-filed in a new case, except for the fees and costs discussed in condition (3) *infra*, plaintiff will reimburse Columbine Oxygen for all attorneys fees and costs Columbine Oxygen has incurred in this action to the extent Columbine Oxygen shows that those fees and costs were incurred solely by Columbine Oxygen and are duplicative of fees and costs incurred in any new case; and (3) plaintiff shall reimburse Columbine Oxygen all attorneys fees and costs incurred in this action with respect to plaintiff's request to voluntarily dismiss Columbine Oxygen.  With respect to the last condition, the Court imposes it due to plaintiff's failure to follow the Local Rules and Rule 41(a)(2) in making his request.[3]  Should plaintiff fail to satisfy any of the conditions set forth *supra*, upon motion by Columbine Oxygen, this Court will convert the instant dismissal into a dismissal with prejudice.

Within 21 days of entry of this Order, Columbine Oxygen Service, Inc. may file a motion for attorneys fees and costs incurred with respect to plaintiff's request for voluntary dismissal.  The motion for attorneys fees and costs should seek only those fees and costs incurred with respect to the instant matter; no more.  To the extent, there are any disputes, the Court expects the parties to resolve them on their own.  Nonetheless, to the extent plaintiff feels that he needs to file a response to any

---

[3] The Court rejects any contention from plaintiff that, in seeking attorney fees and costs, Columbine Oxygen is seeking to some how "offset" damages they may have incurred in this case.  That argument makes no legal or common sense.

motion for attorneys fees and costs, plaintiff may have 21 days to file any such response.  To be clear, plaintiff should not oppose any motion for attorneys fees and costs on the ground that the fees and costs with respect to the instant matter were not incurred solely by Columbine Oxygen.  As far as the Court is concerned, because plaintiff's request concerns Columbine Oxygen alone, any fees and costs incurred in responding to plaintiff's request are solely those of Columbine Oxygen.  Even after the filing of any response, the Court still expects the parties to try and resolve any disputes raised therein.  To the extent even that conferral is not enough, Columbine Oxygen may have 14 days to file any reply.  None of the motion for attorneys fees and costs, any response, and any reply may be longer than five (5) pages.  That being said, the fee and cost statements filed in connection with any motion for attorneys fees and costs may be as long (or short) as they need to be to provide support for the proposition that fees and costs were incurred with respect to the instant matter.  In other words, if a motion for attorneys fees and costs is filed, it must be supported with fee and cost statements indicating the amount of the fees and costs and that the fees and costs were incurred with respect to this matter.

**SO ORDERED.**

DATED this 21st day of September, 2018.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge