**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:17-CV- 01158-RM-SKC

**GUNNAR NITZKORSKI, STEPHEN PERNICE,** and **JAY GROS,**
in their individual capacities and
on behalf of others similarly situated,

            **Plaintiffs,**

v.

**COLUMBINE EMERGENCY MEDICAL SERVICES INC.**,
   d/b/a Columbine Ambulance Service**,**
**COLUMBINE OXYGEN SERVICE, INC.**
   d/b/a Columbine Oxygen and Medical, and
**VINCENT ("VINCE") CISSELL,** an individual,

            **Defendants.**

---

**MOTION FOR RECONSIDERATION**

---

COME NOW the Plaintiffs and move the Court to reconsider its December 7, 2018 Order denying the Plaintiffs' Motion for Summary Judgment. [Dkt. 68]. In the event that the Court were to deny Plaintiffs' Motion for Reconsideration entirely or affirm its earlier opinion, Plaintiffs move (separately) for leave to file an interlocutory appeal.

**I. INTRODUCTION**

Resolution of certain legal issues where there are no disputes of material fact would drastically streamline this case. By order of December 7, 2018, this Court denied both Plaintiffs' and Defendants' motions for summary judgment. [Dkt. 68]. On the current course, the next step procedurally would be to begin to undertake the expensive and time-consuming preparations of gearing up for trial. Before going down that path, however, we ask the Court to reconsider its opinion related to the denial of Plaintiffs' Motion for Summary Judgment.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

## II. LEGAL BASIS

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. See *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861(10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); see also *Houston Fearless Corp. v Teter*, 313 F.2d 91, 92 (10th Cir. 1962). However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. See, e.g., *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).

Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, they are an appropriate procedural mechanism to use where doing so has the opportunity to narrow the issues and/or streamline proceedings in the case.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Nitzkorski v. Columbine Ambulance Service*
Case No. 1:17-cv-01158- RM-SKC

Ps Motn for Reconsideration
Page 2

## II. ARGUMENT

The crux of this case centers around a relatively narrow legal issues that can and should be analyzed on a legal basis since there are no disputes of material fact precluding their resolution.

A motion for reconsideration is not the time or place to raise or advance new arguments, nor do we intend to. We simply ask the Court to take another look at Plaintiffs' motion and its own ruling thereon. As set forth in Plaintiffs' original Motion for Summary Judgment, there are no disputes of material fact that would preclude resolution of the following legal issues:

(a) Defendants' pay practices violated the overtime laws;
(b) Damage calculation methodologies can be established, including which categories of pay and time to include;
(c) Liquidated damages are appropriate; and
(d) Defendant Cissell is an additional "employer."

[Plaintiffs' Motion for Summary Judgment, Dkt. 39, p. 1].

Following is an excerpt of the relevant portion of the Decision denying the parties' cross Motions for Summary Judgment:

> The heart of Plaintiffs' FLSA claim is that Columbine Ambulance Service violated 29 U.S.C. § 207(a)(1) by failing to compensate them "at a rate of one and one[-]half times their normal hourly rate (s) for all hours over 40 worked in a workweek." (ECF No. 1 at 9, ¶ 46.) But Plaintiffs have not established that is what occurred here. Drawing all reasonable inferences in Defendants' favor, Plaintiffs' regular pay for each shift included thirteen hours of overtime; therefore, the mere fact that Plaintiffs were not paid at a higher rate on weeks where they worked more than forty hours does not establish a FLSA violation. If, as Defendants assert, Plaintiffs' compensation included overtime, their pay per shift would stay the same, even if their shifts totaled more than forty hours in a week, so long as they did not work more than five shifts in a week (which has not been alleged). Thus, Plaintiffs have not shown they are entitled to summary judgment on the basis that they worked more than forty hours per week.

[Order, Dkt. 68 p. 2].

With respect, this analysis, citing no caselaw, is in clear error in several regards.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

First, the statement "the mere fact that Plaintiffs were not paid at a higher rate on weeks where they worked more than forty hours does not establish a FLSA violation" directly contracts the statutory language of the FLSA stating that "no employer shall employ any of his employees… for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

Second, it is unknown on what basis the reference to working more than five shifts in a week comes from or why, under either the law, the regulations, or in the context of the employment relationship at issue, quantity of shifts worked per week would have any bearing on the analysis at all. Plaintiffs contend that the only time quantity of shifts becomes an issue is that one 24-hour shift means a workweek of fewer than 40 hours per week worked, and two or more shifts means a workweek of more than 40 hours a week.

Third, the statement that "Drawing all reasonable inferences in Defendants' favor, Plaintiffs' regular pay for each shift included thirteen hours of overtime" wholly ignores the regulation cited at length in Plaintiff's motion directly on point, 29 C.F.R. § 778.501, describing exactly the kind of "reverse engineered" payment scheme that Defendants have alleged to have been utilizing. [Dkt. 39 p. 8] Defendants internally *calling* some portion of a day's worth of shift pay "overtime" does not magically transform it into "overtime pay" for the FLSA's purposes. Neither the Defendants nor the court has cited to any authority suggesting otherwise. Caselaw has a long history of rejecting what employers might choose to call something or someone. See, e.g. *Henderson v. Inter-Chem*, 41 F.3d 567, 570 (10th Cir. 1994) and *Coldwell v. RITEcorp Envtl. Prop. Sols., Corp*. Civil Action No. 16-cv-01998-NYW, at *21 (D. Colo. May. 4, 2017) (rejecting contractual terminology as a basis for classifying someone as an "independent

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Nitzkorski v. Columbine Ambulance Service*
Case No. 1:17-cv-01158- RM-SKC

Ps Motn for Reconsideration
Page 4

contractor rather than an "employee"); *Baldwin v. Key Equipment Finance, Inc.*, Civil Action No. 05-cv-00502-MSK-BNB. (D. Colo. Jul. 17, 2006), citing 29 C.F.R. § 541.2 (rejecting job title as basis for whether an employee was properly classified as an exempt administrative employee).

To the contrary, Plaintiffs have firmly established – based on an analysis of Defendants' own business records (time and pay records) and Defendants' own testimony – that, whatever they may have called certain portions of Plaintiffs' compensation, they simply did not pay overtime pay as the FLSA defines it. [Dkt. 39, pp. 3-13]. Because of the convoluted and complex pay methods they used it does require some analysis to understand what they were doing, but upon doing so there is no doubt but that they did not pay overtime in the FLSA sense of the word. The methods they used are there in black and white on the pay stubs, and there are no disputes of fact precluding a resolution of this purely legal issue. Defendants did violate the overtime laws and on purely legal grounds this can and should be established at this juncture.

Once that is done, the methodologies for how damages should be computed can and should be established, as those too are purely legal questions. [Dkt. 39, pp. 13-16]. Again, the analysis is somewhat painful because of the compensation methods Defendants used, but upon diving in and comparing what they did against the regulations directly on point, these damage calculation methods are simply a matter of application of legal principles and rules to the undisputed facts at hand.

The Order did not address liquidated damages at all (presumably since the Court did not establish that a violation of the overtime laws had occurred). Thus, we reiterate our request that this element of damages be established as well based on the caselaw and the Defendants' testimony presented previously. [Dkt. 39, pp. 17-18].

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson.com*

Finally, the Court's order rejected Defendants' argument that Defendant Cissell is <u>not</u> an "employer," but it did not address Plaintiffs' argument that he <u>is</u> an employer as a matter of law. The Court ruled, "Finally, Defendants have not shown that Defendant Cissell was not Plaintiffs' employer.… It is undisputed that Defendant Cissell was involved in employment decisions at Columbine Ambulance Services, that he had the authority to terminate employees, and that he did terminate Plaintiffs Nitzkorski and Gros." [Dkt. 68, p. 5]. At this time Plaintiffs simply seek for the double negative of that portion of the ruling to be stated as a positive and grant Plaintiffs' Motion for Summary Judgment as to this point. [Dkt. 39, pp. 16-17].

### III. CONCLUSION

For the foregoing reasons we ask that the Court reconsider its denial of Plaintiffs' Motion for Summary Judgment and upon further reflection grant it instead.

Respectfully submitted this 28th day of December, 2018.

ANDERSONDODSON, P.C.

s/ Penn Dodson
**Penn A. Dodson**
11 Broadway, Suite 615
New York, NY 10004
*penn@andersondodson.com*
Attorney for Plaintiffs

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson.com*

*Nitzkorski v. Columbine Ambulance Service*
Case No. 1:17-cv-01158- RM-SKC

Ps Motn for Reconsideration
Page 6