**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:17-CV-01158-RM-SKC

GUNNAR NITZKORSKI,
STEPHEN PERNICE, and
JOSEPH GROS, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

COLUMBINE EMERGENCY MEDICAL SERVICES INC. d/b/a Columbine Ambulance Service, and
VINCENT CISSELL,

    Defendants.

---

## ORDER
---

    This matter comes before the Court on Defendants' Motion for Fees and Costs Relating to Dismissal of Defendant Columbine Oxygen (ECF No. 63) and Plaintiffs' Motion to Dismiss Columbine Oxygen Service, Inc. with Prejudice and Without Costs or Fees (ECF No. 64). For the reasons given below, both motions are denied.

    These motions stem from this Court's September 21, 2018, Order (ECF No. 60), which arose under unusual circumstances, as described therein. In short, the Order dismissed Columbine Oxygen Service, Inc. from this case without prejudice, subject to three conditions—the first two are irrelevant here because the claims against Columbine Oxygen have not been be refiled in a new case. The third condition is that "plaintiff shall reimburse Columbine Oxygen

all attorneys fees and costs incurred in this action with respect to plaintiff's request to voluntarily dismiss Columbine Oxygen." (*Id.* at 4.) The Order further provides that should Plaintiffs fail to satisfy this condition, the Court will convert the dismissal into one with prejudice "upon motion by Columbine Oxygen." (*Id.*)

Plaintiff has declined to reimburse Columbine Oxygen. Thus, at this juncture, it has the option of converting the dismissal to one with prejudice by filing a motion with the Court.

Had the Court determined that granting Columbine Oxygen fees and costs was appropriate, it would have done so in its previous Order. Instead, it gave Columbine Oxygen the option of filing a motion for attorney fees and costs and, if it did so, Plaintiffs the option of either reimbursing Columbine Oxygen (in which case the dismissal would remain without prejudice) or declining to reimburse Columbine Oxygen (in which case Columbine Oxygen could have the dismissal converted to one with prejudice).

Had the Court determined that dismissing Columbine Oxygen without prejudice was appropriate, it would have done so without the conditions stated in the previous Order. Instead, the Court determined that Plaintiffs were not entitled to unconditional dismissal without prejudice because their request was procedurally improper. Plaintiffs cite no authority for the proposition that converting a dismissal without prejudice to one with prejudice (at their request) is appropriate under these circumstances. Moreover, as noted in the Order, "there has been plenty of paper filing for something that should never have happened in the way it did." (*Id.* at 2.) Plaintiffs' latest change of position is an apparent attempt to circumvent the conditions

imposed in the Order and, unfortunately, a successful attempt to circumvent the Order's intent, which was "to avoid further unnecessary filings." (*Id.*)

Accordingly, both motions (ECF Nos. 63, 64) are

DENIED. DATED this 1st day of May, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge